J. Harry **GREENBLATT** and Sally
Greenblatt, Plaintiffs,

v.

**BOONE COUNTY NATIONAL BANK**
et al., Defendants.

No. 76CV250–C.

United States District Court,
W. D. Missouri, C. D.

Jan. 5, 1978.

Joel Pelofsky, Kansas City, Mo., for plaintiffs.

B. Daniel Simon, James C. O'Gara, Columbia, Mo., for defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

ELMO B. HUNTER, District Judge.

Plaintiffs Greenblatt filed their Complaint with this Court on December 29, 1976, alleging as their jurisdictional basis diversity of citizenship. 28 U.S.C. § 1332. Plaintiffs are citizens of Massachusetts; defendant Skorga is a Tennessee citizen; defendants Boone County National Bank, O'Gara, McKinney, Amerasil, Incorporated, and MLC, Inc. are Missouri citizens.

The Complaint makes the following allegations: In September 1973, plaintiff purchased certain real property known as Lake Beth. On October 17, 1974, plaintiff conveyed this property to defendant MLC, Inc., and received in return MLC, Inc.'s promissory note in the sum of $400,000. The note was secured by a Deed of Trust, conveyed by defendant MLC, Inc. to defendant O'Gara as Trustee for plaintiff.

On November 21, 1974, plaintiff and defendant Skorga entered into an agreement, the terms of which were these: Defendant Skorga agreed to develop the Lake Beth property for the benefit of plaintiff and defendant MLC, Inc. and agreed to purchase all the outstanding capital stock of MLC, Inc. Plaintiff, the sole shareholder of defendant MLC, Inc., would treat the proceeds of such purchase and sale as payment in full of the $400,000 promissory note given plaintiff by defendant MLC, Inc. and

fully release and discharge the note and the deed of trust given as security therefor.

On July 11, 1975, defendant Boone County National Bank loaned defendant MLC, Inc. $150,000 for purposes of real estate improvements on the Lake Beth property. On this same date, defendant MLC, Inc. executed a promissory note in favor of defendant Bank, securing payment of the note with a deed of trust. It was also agreed that, as a prerequisite to MLC, Inc.'s obtaining this $150,000 loan, plaintiff would have to subordinate the interest given him by the MLC, Inc. deed of trust to defendant O'Gara as trustee for plaintiff to the deed of trust given defendant Bank by MLC, Inc. Plaintiff, in this suit, claims that he "agreed" to do this only as the result of fraudulent representations made by certain of the defendants.

Plaintiffs then contend "[t]hat defendant Bank and defendant McKinney induced plaintiff to agree that the proceeds of the aforesaid loan of One Hundred Fifty Thousand Dollars ($150,000.00) was to be used to assist in the immediate development of Lake Beth, and that to assure that all said loan proceeds were so applied, defendant McKinney and defendant Bank induced plaintiff to agree that all disbursements would be approved by and co-signed by defendant McKinney."

Defendants Skorga and O'Gara then, according to the Complaint, induced plaintiff to grant them powers of attorney, which said defendants utilized for purposes of withdrawing from Defendant Bank certain sums from the account which contained the $150,000 loaned to MLC, Inc. by defendant Bank. Plaintiffs thus claim that defendants O'Gara and Skorga intentionally defrauded them of funds and that defendants Bank and McKinney (as officer of defendant Bank) are liable to them because they "negligently approved and disbursed sums from said loan without adequate invoices, mechanic lien waivers and other evidences of debt, and permitted use of said funds for other than the development of said real property."

Plaintiffs claim no cause of action against nor seek relief from MLC, Inc.

Defendants Bank and McKinney contend that MLC, Inc., for diversity purposes, should be viewed as a plaintiff, arguing thus:

Plaintiff, J. Harry Greenblatt, has testified that he has been, at all times, the sole shareholder and President of MLC, Inc.; that he has been at all times the President of MLC, Inc.; and that he and his son-in-law and attorney, Joel Pelofsky, have at all times been the sole Directors of MLC, Inc. Assuming this testimony to be true, Plaintiffs are left with no room to contend that their interests are somehow adverse to those of MLC, Inc., or that they cannot cause MLC, Inc., as a Party-Plaintiff, to enter this cause. That Plaintiffs purport to control MLC, Inc. is evidenced by the fact that they have previously caused MLC, Inc. to file a suit for injunctive relief in the Circuit Court of Boone County, Missouri. By such suit, MLC, Inc. sought an injunction against the foreclosure by Boone County National Bank of its Deed of Trust securing the $150,000.00 loan described above. Such suit was brought by MLC, Inc., at the request of Plaintiff, J. Harry Greenblatt, and was filed by the present attorney for Plaintiffs, Joel Pelofsky. Such suit was subsequently dismissed by the Plaintiffs, and the foreclosure proceeded and the real estate was acquired by Defendant Boone County National Bank, and is owned by it.

 It is not to be disputed that "in a case where there are plural plaintiffs and plural defendants a federal court does not have diversity jurisdiction unless there is diversity between all plaintiffs and all defendants." *Iowa Public Service Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 403–04 (8th Cir. 1977). Further, it is basic to the law of federal procedure that "[i]t is the duty of the federal courts to look beyond the pleading and to arrange the parties according to their sides in the dispute. The court must inquire into 'the principal purpose of the suit' and the 'primary and controlling matter in dispute.' The controver-

sy must be 'actual' and 'substantial.'" *Universal Underwriters Insurance Company v. Wagner*, 367 F.2d 866, 870 (8th Cir. 1966). Whether the controversy between plaintiffs and defendant MLC, Inc. is "actual" and "substantial" can best be determined through a careful examination of the relief for which plaintiffs pray in their Complaint.

In Count I, plaintiffs ask that "the Court declare said subordination agreement to be null and void and of no force and effect." It will be recalled that plaintiffs became creditors of MLC, Inc. by virtue of their transferring the Lake Beth property to the corporation in exchange for the corporation's $400,000 promissory note, the note being secured by a deed of trust. Defendant Bank then loaned defendant corporation $150,000, secured the loan by a deed of trust on the same property, and agreed with plaintiffs that plaintiffs would subordinate its deed of trust to that of the Bank's. Clearly, there exists no "actual" or "substantial" controversy between plaintiffs and MLC, Inc. here. As between two of its creditors, plaintiffs have not shown any reason why MLC, Inc. would be at all concerned which is awarded priority of security interest by this Court. In fact, as plaintiff J. Harry Greenblatt is the sole shareholder and President of MLC, Inc., the corporation may be a bit partial to plaintiffs' prevailing on this matter.

Plaintiffs next ask, in their Count I prayer for relief, that "the Court declare that the promissory note and deed of trust executed by defendant MLC, Inc. to defendant Bank be declared null and void." To thus transform defendant Bank from a secured to an unsecured creditor of MLC, Inc. certainly does not work to the corporation's disadvantage and clearly creates no "actual" or "substantial" controversy between the corporation and plaintiffs.

Plaintiffs then ask that "this Court declare plaintiff's deed of trust to be superior and a first deed of trust on said real property." Again, plaintiffs have suggested no reason why defendant MLC, Inc. should oppose this Court's granting plaintiffs a security interest which has priority over defendant Bank's security interest.

In Count II, "plaintiff J. Harry Greenblatt prays for judgment under Count II of this complaint against defendants Skorga, O'Gara and Amerasil, Inc. in the sum of Four Hundred Thousand Dollars ($400,-000.00) actual damages, and Two Million Dollars ($2,000,000.00) for exemplary or punitive damages." Defendant MLC, Inc. plainly has no interest in this Count.

In Count III, in addition to asking that this Court declare their deed of trust superior to the Bank's deed of trust and to declare the subordination agreement between plaintiffs and the Bank unenforceable and without effect, plaintiffs seek an order "[d]eclaring said Guarantee[1] unenforceable and without effect" and "[a]ssessing the costs of this action against defendants." Plaintiffs, in their November 28, 1977 Suggestions in Opposition to Defendants Boone County Bank and McKinney's Motion for Realignment, make no argument that it would in any way prejudice defendant MLC, Inc. for this Court to declare plaintiffs' guarantee of the Bank's loan to MLC, Inc. to be unenforceable. If it would so prejudice MLC, Inc., and if a controversy would thus arise between plaintiffs and defendant MCL, Inc., this controversy certainly could not be deemed "actual" and "substantial"; nor could it be deemed anything more than tangential to "the primary and controlling matter in dispute" or "the principal purpose of the suit." *Wagner, supra,* at 870. Nor does plaintiffs' recitation that they seek costs to be assessed against defendants cause plaintiffs' interests in this suit to be sufficiently adverse to MLC, Inc.

Count IV merely seeks a money judgment against defendants Bank and McKinney, a matter in which defendant MLC, Inc. clearly has no interest.

---

1. As plaintiffs state in their Complaint, the Bank not only induced them to agree, as a prerequisite to loaning MLC, Inc. $150,000, to subordinate their deed of trust to the Bank's deed of trust, but also induced plaintiffs to agree to act as guarantors on the loan.

Clearly, therefore, for diversity jurisdiction purposes, defendant MCL, Inc. must be aligned as a plaintiff, unless it falls within the "nominal party" exception to the general rule governing realignment. This rule was stated recently by the Eighth Circuit thus: "[I]f the 'nondiverse' plaintiff is not a real party in interest, and is purely a formal or nominal party, his or its presence in the case may be ignored in determining jurisdiction." *Iowa Public Service Company, supra,* at 404. It can hardly be said, however, that defendant MLC, Inc. is a purely formal or nominal party to this action when the Complaint seeks a declaration from this Court "that the promissory note and deed of trust executed by defendant MLC, Inc. to defendant Bank be declared null and void." In view of this prayer, plaintiffs' argument that "MLC will gain no benefit from this litigation" is plainly erroneous, for if plaintiffs' prayer, quoted immediately above, would be granted by the Court, MLC, Inc. would have a $150,000 obligation lifted off its shoulders.

In their Suggestions, plaintiffs state: "If the Court were to dismiss this matter for lack of jurisdiction, the suit would have to be refiled, thus obviating a year's work." The Court, however, is keenly aware that considerations such as this cannot enter into a determination of subject matter jurisdiction. This Court either does or does not have the *power* to proceed with this case. Should this case proceed to final judgment, any aggrieved party could (and should) overturn that judgment on direct appeal. It is, therefore, in the best interests of all concerned, that jurisdictional defects be handled in an appropriate fashion as soon as the Court becomes aware of their existence.

Because MLC, Inc. is more than a mere nominal party in this lawsuit, because it has an interest in seeing plaintiffs prevail on certain of their claims, because it has no actual or substantial dispute with plaintiffs, and because it is controlled by plaintiff J. Harry Greenblatt, who is its sole shareholder and president, the conclusion must be reached that, for purposes of determining diversity jurisdiction, defendant MLC, Inc. must be aligned as a plaintiff. This being

done, complete diversity of citizenship does not exist in this suit. Therefore, it is hereby

ORDERED that this cause be, and it is hereby, dismissed, without prejudice, costs to be assessed against plaintiffs.